SMITH TOWNSHIP OF WHITLEY COUNTY v. MILLER.

[No. 14,181. Filed December 17, 1931.]

*Kichler & Orndorf* and *Strong & Strong*, for appellant.

*Whiteleather & Bloom,* for appellee.

KIME, J.—In 1901, the advisory board of Smith Township, Whitley County, at the regular annual meeting on the first Tuesday of September, met with the trustee of said township, organized, considered the various estimates of the trustee, concurred therein, apportioned the payment of existing indebtedness, authorized the trustee to borrow money to pay the same, fixed the tax rate and other minor matters and adjourned. This was all recorded in the book made necessary and kept in the custody of the proper officer as provided by law.

The trustee, during the preceding term, had issued some 19 warrants against the road fund which warrants the township was unable to pay. These, with interest, amounted to $1,702.82. They had all found their way

into one bank or private banking company. This was part of the $4,000 existing indebtedness which the advisory board authorized the trustee to borrow money to pay. The trustee issued a warrant for $1,702.82 to the holder of the 19 small warrants, payable on demand and bearing six per cent interest. Some payments were made on the principal, and interest was paid at irregular dates. The last notation bearing date of "July 8, 1916," and continuing "Int. paid to July 22, 1916, $231.47."

The original complaint was filed December 10, 1924. The amended complaint of February 12, 1929, was the last one filed. A demurrer to this was overruled. Answer was then filed in four paragraphs: (1) General denial; (2) payment; (3) six-year statute of limitations; (4) 10-year statute of limitations. A demurrer was sustained to the third paragraph of answer, and a reply in general denial was filed to the first, second and fourth paragraphs of answer. Trial was had on the issues thus joined, and there was a finding for appellee, with judgment thereon for $2,523.60. Following the overruling of a motion to modify the judgment, a motion for a new trial was overruled. Hence this appeal.

The demurrer was properly overruled. The complaint stated all that was necessary to a good cause of action. As to those questioned, we will say that the complaint alleged the proper date of the regular meeting of the advisory board, which was the statutory date, and courts will take judicial notice of the day of the week upon which any particular date has fallen. The exhibit filed with and as a part of the complaint shows that the 19 small warrants were all issued by the trustee immediately preceding the one issuing the large warrant and, therefore, within the last four years. These could not have been barred by the statute of limitations, which is 10 years, as appellant admits, and

hence it was not necessary to allege the dates of their issuance. It was not necessary to allege that an appropriation was ever made or that there were funds available out of which an appropriation could have been made in this particular case. Chapter 45, §1, Acts 1911 p. 66. This is as follows: "That all actions, obligations and agreements of township trustees and advisory boards, and the. debts and warrants issued by such trustees in good faith in payment therefor and for full value received for proper road, school and other township purposes and with the consent and upon the advice of the advisory board of any such townships, be and the same are hereby legalized and rendered valid; and any warrants issued in good faith, together with interest thereon since the date of their issuance, be and the same are hereby made legal and binding obligations of any such townships: *Provided,* That the provisions of this act shall not apply to or affect any pending litigation."

Many of the same questions raised by the demurrer were also raised by the motion for a new trial and they will not be discussed again. All contentions as to this being emergency action need not be discussed, for the reason that, even if it could be said to be emergency appropriation, it is also taken care of by a legalizing act of 1911, Acts 1911 p. 141, ch. 86. Point three in the motion for a new trial is not stated so as to raise any question. The statute says nothing about the record of the advisory board being kept in the "hands" of the chairman, and the evidence does not show that it was not in the "custody" of the proper officer.

The evidence conclusively shows that the warrant was issued for value received in good faith and for proper township purposes, with the consent and upon the advice of the advisory board.

This is such a township warrant as this court and our

Supreme Court has held repeatedly the 10-year statute of limitation applies. The last payment made on this debt was July 8, 1916, the complaint was filed December 10, 1924. This clearly is within the time contemplated.

Finding no reversible error, the judgment of the Whitley Circuit Court is in all things affirmed, and it is so ordered.